# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Angela Hansen, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1-17-cv-55 |
| David E. Reich, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court are a number of motions filed by various Defendants seeking to quash civil investigative demands served by Plaintiff Angela Hansen ("Hansen"). (Doc. Nos. 30, 36, 39, 40). Another motion asks to stay any further discovery pending a scheduling conference. (Doc. No. 44).

Hansen initiated this action following state court rulings granting her ex-husband custody of their daughter. See Dieterle v. Dieterle, 2016 ND 36, 875 N.W.2d 479; Dieterle v. Dieterle, 2013 ND 71, 830 N.W.2d 571. The Defendants in this matter include individuals working in the North Dakota state courts, ranging from justices on the North Dakota Supreme Court to state district court judges to North Dakota attorneys and to North Dakota state court administrative staff, amongst others. Generally, Hansen's complaint alleges the Defendants, both individually and in concert, violated her various constitutional rights in the state court custody proceedings. (Doc. No. 11).

Most of the Defendants have not yet filed their responsive pleadings, with the court granting the Defendants until October 18, 2017, to do so. (Doc. Nos. 21, 27). While those pleadings remain outstanding, Hansen served at lease some of the Defendants with what she styled as a "Civil Investigative Demand Pursuant to 18 USC 1968 and 31 USC 3733." (Doc. No. 31-1) (hereinafter

"the Demands"). The Demands direct the Defendants to produce materials pursuant to the authority granted "to Angela Hansen as a private attorney general under the provision of 18 USC of the Federal RICO Act, 18 USC Chapter 96 . . . ." Through various iterations, the Defendants argue the Demands are an improper attempt to conduct discovery in contravention of Fed.R.Civ.P. 26(d) and Hansen lacks standing under 18 U.S.C. § 1968 and 31 U.S.C. § 3733 to serve such demands.

Under 18 U.S.C. § 1968(a), the "Attorney General" may, "prior to the institution of a civil or criminal proceeding thereon, issue . . . a civil investigative demand . . . ." The term "Attorney General" includes "the Attorney General of the United States, the Deputy Attorney General of the United States, the Associate Attorney General of the United States, any Assistant Attorney General of the United States, or any" person so designated by the Attorney General. 18 U.S.C. § 1961. Similarly, 31 U.S.C. § 3733(a)(1) allows "the Attorney General" or a proper designee to serve civil investigative demands "before commencing a civil proceeding . . . ."

Other than deeming herself a "private attorney general," Hansen has not provided any authority under which she may employ the civil investigative demands allowed for under these two statutes. Each allows the Attorney General to designate another person as an "Attorney General" for purposes of the statute, but Hansen has not provided any authority that she should be considered a designee under either. Without this, the civil investigative demands allowed for under 18 U.S.C. § 1968(a) and 31 U.S.C. § 3733(a)(1) are not available to her.

Hansen's Demands also fail for improper timing. Under 18 U.S.C. § 1968(a), investigative demands are available "prior to the institution of a civil or criminal proceeding . . . ." Similarly under 31 U.S.C. § 3733(a)(1), investigative demands are available "before commencing a civil proceeding under" the chapter. By the plain terms of both statutes, investigative demands are not

available following commencement of a civil or criminal proceeding. Here, Hansen initiated this action on March 21, 2017. (Doc. No. 1). Hansen dated the Demands at issue on August 30, 2017. (Doc. No. 31-1). The Demands at issue here are clearly not allowed for under either statute.

Hansen simply cannot use the civil investigative demands at issue here as an end-around of Fed.R.Civ.P. 26(d)(1). Under this rule, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." This court, in dealing with other pro se litigants, has said:

> With respect to discovery in cases such as this, the court employs the following protocol. Once the defendants have made an appearance and filed a responsive pleading, the court will direct the parties to submit proposed scheduling and discovery plans. Upon receipt and review of these proposed plans, the court shall issue a scheduling and discovery order. See Fed.R.Civ.P. 16(b)(1). In the interim, discovery is not generally permitted. Cf. Fed.R.Civ.P. 26(d)(1).

Ferrell v. Williams Cty. Sherrifs Office, Case No. 4:14-cv-131, 2014 WL 7404578 at *1 (D.N.D. December 30, 2014). Only a showing of good cause as to the necessity of early discovery will warrant departure from this protocol. Simmons v. RPC, Inc., Case No. 4:14-cv-082, 2014 WL 12605497 at *2 (D.N.D. August 12, 2014). Hansen has not sought leave from the court to seek early discovery, and the court doubts any valid basis exists that would allow for such.

Based on the foregoing, the court **GRANTS** the Defendants' various motions to quash. (Doc. Nos. 30, 36, 39, 40). All civil investigative demands served by Hansen on any of the Defendants are quashed and void. The court also **GRANTS** the motion to stay discovery. (Doc. No. 44). Discovery shall be stayed until: (1) the court and the parties conduct the planning meeting and scheduling conference pursuant to Fed.R.Civ.P. 16(b), 26(f); or (2) otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated this 26th day of September, 2017.

                                            */s/  Charles S. Miller, Jr.*
                                            Charles S. Miller, Jr., Magistrate Judge
                                            United States District Court